LE BLANC, Justice.
Plaintiff is the owner, and has been for the past fifteen years of a tract of land fronting on what is now Highway 90, also referred to as the New Chef Menteur Highway. The property extends from Highway 90 to what is known as the Old Gentilly Road, and the rear part of it includes what is now the dry bed of old Bayou Sauvage. Bayou Sauvage years ago ceased to be a navigable stream and its bed has been filled in by the adjoining property owners including plaintiff himself. The filling in of the Bayou had the effect of changing the flow of water in the bed and instead of flowing ■from west to east it flows from east to west. Because of this the Louisiana Highway Commission placed a culvert under Down- *409 man Road, a State Highway paralleling plaintiff's property some three hundred feet to the west of it. Through this culvert the water flowed from plaintiff’s property over the adjoining portion of the bed of Bayou Sauvage on the west, and which was not yet filled, into a ditch which runs parallel to Downman Road toward the north and finally drained into a drainage system through certain canals, into Lake Pontchartrain.
In his petition plaintiff avers that the defendant, Joseph M. Cortinas, claiming to be the owner of the property abutting Bayou Sauvage, on the west of his property, took possession of the bed of the Bayou and filled it in to a height of some eight feet up to the level of Downman Road, completely closing up the culvert under that road and stopping what he alleges is the “natural drainage” from his property into the direction of Downman Road.
He then avers that having his natural drainage thus obstructed by the defendant, he, in conjunction with the City of New Orleans and the Engineer of the Louisiana Highway Department, constructed another culvert under the Downman Road so that the water from his property would flow through a drainage ditch along Lombard Street which is a public thoroughfare immediately adjacent to the property claimed by the defendant, on the north; that the defendant, not being satisfied with having once illegally obstructed his drainage is now attempting to take possession of Lombard Street and has filled it so as to completely obstruct the flow of water through the second culvert underneath Downman Road which is situated at or near the intersection of that road with Lombard Street.
Plaintiff instituted this suit for the pur-’ pose of obtaining a restraining order and a preliminary injunction to prevent the defendant from interfering with the flow of water 'from his property through this second culvert, and also a mandatory injunction to order him to remove the filling which caused the flow of water through the old culvert to be obstructed. He bases his demand on the provisions of Article 660 of the Revised Civil Code which imposes the servitude of drain on the estate that is “situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.”
The defendant filed an exception of no cause or right of action and later an answer to the rule for the injunction in which the defense to the action seems to be based mainly on the contention that the Article of the Code invoked by plaintiff does not apply in this case because originally the flow of Bayou Sauvage was from west to east, just the opposite of what it has beep made by the filling in of its bed, a-nd therefore plaintiff’s land, and not his, is the lower or servient estate which owes the servitude of drain. ■ •
*411 Upon hearing testimony on trial of the rule for injunction, the District Judge made the same absolute and granted the plaintiff a preliminary injunction restraining the defendant from obstructing or impeding the flow of water through the culvert at the intersection of Lombard Street and Downman Road. The case was then tried on the merits on the same evidence and all of the documents introduced on the trial of the rule and some additional testimony in connection therewith. After submission, judgment was rendered in favor of the plaintiff perpetuating the writ of injunction previously issued and further ordering and commanding the defendant, by way of mandatory injunction, to remove forthwith all of the filling he had placed in Bayou Sauvage which obstructed and impeded the flow of water through the old culvert which had been placed by' the Highway Department underneath Down-man Road. From this judgment defendant has appealed devolutively and suspensively to this Court.
The decision of the trial judge with respect to the mandatory injunction which orders the defendant to remove the filling in Bayou Sauvage on the property claimed by him seems to be based on the proposition that defendant’s property owes the plaintiff’s estate the servitude of natural drain under the provisions of Article 660 of the Revised Civil Code. Reference is made in the district judge’s reasons for iudgment to the original flow of water through Bayou Sauvage having been from west to east but he seems to have concluded that because that Bayou has long ago ceased to be a flowing stream, the conditions existing at this time have no' relation whatever to those that existed historically in this area and that at least since 1935, the drainage of this section has not been from west to east but from east to west. Accordingly he held that plaintiff enjoyed the right of natural drainage over that part of defendant’s land which has been built up from the filling in of Bayou Sauvage.
As we construe Article 660 of the Civil Code we take it that it has reference strictly to natural drainage; that is, the drainage which had originally been provided by nature by reason of the respective location or situation of the properties. See Article 659, R.C.C. Article 660 is the first article of Chapter 2 of Title IV entitled “Of Servitudes Which Originate From The Natural Situation Of The Places.” It imposes the obligation on the servient estate to receive “waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.” (Our italics.) It appears manifest to us. that whatever the natural drainage may have been with respect to' the properties through which Bayou Sauvage ran before any filling took place, such natural drainage no longer exists. We are of the opinion therefore that Article 660 of the Code *413 has no application to this part of plaintiff’s demand and hold that the district judge was in error in granting the mandatory ■injunction ordering defendant to remove the filling he had placed in the bed of Bayou Sauvage which he claims to be his property.
It appears that in May, 1949, after defendant had filled in his property, thus impeding the flow of water through the old culvert under Downman Road, plaintiff himself abandoned that drainage and ■established the new system of drainage through a ditch which he had constructed along Lombard Street, in order to drain-through the new culvert placed under Downman Road at its intersection with that street. Cortinas interfered with this ■drainage by filling in the ditch along Lombard Street and it is on this action that plaintiff predicates his demand for the prohibitory injunction against him.
The contention of the defendant on this branch of the case seems to have been at first, that the culvert itself was situated ■on his property and now, if that is not so, that the ditch along Lombard Street encroaches on his property to the extent ■of some six feet or more and that he had the right to fill it in.
The questions presented under these contentions are mainly matters of fact with regard to the ownership by defendant of the property he claims. Originally he appears to contend that that part of his property adjacent to Down-man Road embraces some ten feet more than appears by certain surveys and maps which were introduced in evidence. It is on this premise that he bases his contention that both culverts encroached on his property. We are not at all convinced by his testimony or by that of his surveyor and as we understand his argument now, he stresses more the .contention that the ditch along Lombard Street through which plaintiff drains his property, encroaches upon his, as it reaches Downman Road, and that is why he filled it in. On this point also the testimony is far from being satisfactory. Presumably the trial judge concluded that the ditch was not on defendant’s property for otherwise he would not have enjoined him from closing it. We might add that there is conflict and confusion regarding the real location of this ditch with relation to Lombard Street, but we are not disposed to hold that the trial judge, assuming that he decided this issue of fact in favor of the plaintiff, manifestly erred. . We conclude, as he did on this branch of the case, that the defendant has illegally interfered with the plaintiff’s drainage through this ditch and culvert but hold that he was in error in granting the mandatory injunction as previously indicated and accordingly the judgment will have to be amended.
For the reasons assigned it is ordered that the judgment appealed from be reversed and set aside with respect to the *415 mandatory injunction granted therein, which orders the defendant to remove forthwith the filling and obstruction that he has placed in Bayou Sauvage, which said filling in any way obstructs or impedes the natural flow of water through the culvert placed by the Louisiana Highway Department at the intersection of Downman Road and Bayou Sauvage and it is further ordered that the said injunction be and the same is hereby dissolved.
In all other respects, the judgment is affirmed.
The costs of this appeal are to be borne by the plaintiff, appellee.